14 CV 3647

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PLAYBOY ENTERPRISES INTERNATIONAL, INC.,

   Plaintiff,

v.

MCCARTHY, LLC and DOES 1-10,

   Defendants.

Civ. Act. No.



# COMPLAINT

Plaintiff PLAYBOY ENTERPRISES INTERNATIONAL, INC. ("PEI"), by and through its counsel BRESSLER LAW PLLC, alleges for its Complaint against Defendant MCCARTHY, LLC ("McCarthy") and DOES 1-10 (all DOES collectively with McCarthy, the "Defendants"), the following:

### Nature of the Action

1. This is an action to remedy Defendants' willful direct and indirect infringement of PEI's exclusive copyright rights in and to certain photographic images of fashion model Ms. Kate Moss commissioned by PEI for creation by renowned fashion photographers Mert Alas and Marcus Piggott ("Mert & Marcus") in connection with the 60th anniversary issue of PEI's flagship periodical *Playboy* Magazine (the "60th Anniversary Issue").

### The Parties

2. PEI is a corporation organized and existing under the laws of the State of Delaware with a place of business at 9346 Civic Center Drive, Suite 200, Beverly Hills, CA 90210. PEI is a premier publisher and entertainment content provider, and owner of PLAYBOY®, one of the most famous and recognized lifestyle brands in the world.

3.  On information and belief, Defendant McCarthy is a limited liability company with an address at 32 Union Square East, New York, NY 10003.  On information and belief, McCarthy owns, publishes and maintains the Internet website accessible via uniform resource locator ("URL") www.bbook.com (the "Website").

4.  Defendants DOES 1 through 10 inclusive currently are unknown to PEI.  As such, PEI identifies those defendants in this action with fictitious names.  PEI is informed and believes that each of the Defendants designated as a DOE is legally responsible at least in part for the events and actions constituting the conduct damaging it.  PEI will seek to amend this Complaint to identify and include the actual names and capacities of Defendants after PEI has determined such data.

## Jurisdiction and Venue

5.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 17 U.S.C. §501(a), as this action alleges infringement of U.S. copyright rights pursuant to the copyright laws of the United States, 17 U.S.C. § 101 *et seq*.

6.  This Court has personal jurisdiction over McCarthy because McCarthy does business and/or transacts business in the State of New York.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because McCarthy is subject to personal jurisdiction in this district; because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district; and because McCarthy resides in this district.

**Background of the Action**

8. To commemorate the special occasion of the 60th anniversary of its flagship periodical *Playboy* Magazine, PEI commissioned Mert & Marcus to create photographic images of fashion model Ms. Kate Moss (collectively, the "Images") for inclusion in its 60th Anniversary Issue. The Images feature Ms. Moss fully nude or in varying states of undress and contain the exquisite creative elements and high production values for which Mert & Marcus are known. The Images also celebrate Ms. Moss's 40th birthday and mark her first ever participation in a nude pictorial for PEI over the course of her prolific and extraordinarily successful modeling career spanning more than two decades.

9. PEI released the 60th Anniversary Issue to newsstands on Tuesday, December 10, 2013. The issue remained on sale at newsstands until February 24, 2014.

10. Mert & Marcus own all copyright rights in and to the Images, which are valid, subsisting, and registered with the U.S. Copyright Office prior to the wrongful acts alleged herein (U.S. Copyright Office Preregistration No. PRE000006560, effective August 8, 2013, and the subsequent U.S. copyright application for registration filed on December 2, 2013).

11. Mert & Marcus granted PEI exclusive copyright rights in and to the Images for all purposes and times relevant to this Complaint; as such, PEI has standing to assert this action.

**Defendants' Wrongful Conduct**

12. On or about January 14, 2014, Defendants published two entries on the Website titled "*40 Reasons To Love Kate Moss on Her 40th Birthday*" at URL http://www.bbook.com/40-reasons-love-kate-moss-40th-birthday and "*Kate Moss Turns 40, Tom Ford Sends Flowers, Glamour Rises*" at URL http://www.bbook.com/style-scoop-kate-moss-turns-40-tom-ford-sends-

flowers-glamour-rises, respectively, which entries reproduced, prominently and publicly displayed, distributed, transmitted and used certain Images, without PEI's authorization or consent.  Internet webpage screen captures of the Website pages using the Images are attached as Composite Exhibit A to this Complaint (collectively, the "Website Pages") (PEI added watermarks and modesty masks to pages 2-5 of this Exhibit.)

13. Defendants also hosted and stored Images without authorization or consent at the following URLs:  http://www.bbook.com/wp-content/uploads/2014/01/kateplayboy.jpg; http://www.bbook.com/wp-content/uploads/2014/01/kate-moss-mert-marcus-playboy-12-650x490.jpg; and http://www.bbook.com/wp-content/uploads/2014/01/kate-moss-mert-marcus-playboy-60th-anniversary-05.jpg.

14. Defendants' unauthorized uses of the Images are commercial.  The Website entries featured a prominent banner advertisement for the Rosette restaurant, which brought Website visitors to the Rosette restaurant's website when clicked.  The Website entries also featured substantial square and vertical box link advertisements for fashion designer Belstaff, which brought Website visitors to Belstaff's website when clicked.

15. The Website's Terms and Conditions of Use sought to protect McCarthy's own claimed intellectual property rights, stating as follows:

> All content included in the Website, including, but not limited to, any designs, text, graphics, video, music, sound or code, and their selection and arrangement (the "Site Content"), is copyrighted under the United States and other copyright laws, and is the exclusive property of MCL [*i.e.*, McCarthy, LLC] and/or its users or licensors, with all rights reserved. No Site Content may be modified, copied, distributed, framed, reproduced, republished, downloaded, scraped, displayed, posted, transmitted or sold in any form or by any means, in

> whole or in part, without MCL's prior written permission; provided, however, that the foregoing does not apply to your own User Generated Content (defined below), to the extent the same is posted legally by you on the Website. Notwithstanding the foregoing, you may display and, subject to any expressly stated restrictions or limitations relating to specific material, download or print portions of the Site Content to which you have properly gained access solely for your personal, non-commercial use, or to place an order to purchase MCL products, provided that you do not change or delete any proprietary notice from materials so displayed, downloaded or printed. <u>Any use of the Site Content that is not expressly authorized herein, or otherwise pre-approved by MCL in writing, is strictly prohibited</u>, and will terminate the limited license set forth above.

*See* http://www.bbook.com/terms, the relevant excerpt of which appears in Exhibit B attached to this Complaint (emphasis added). In addition, Defendants annotated the Website with the following copyright notice: © 2014 all rights reserved.

16. Notwithstanding Defendants' sophistication and vigilance for their own claimed intellectual property rights, Defendants used the Images for their own commercial benefit without the required authorization or consent.

17. On information and belief, Defendants used PEI's Images of Ms. Moss appearing in the 60th Anniversary Issue to attract Internet user traffic to its Website and to drive such traffic via its Website to its advertisers. Defendants did so for their own benefit, and at PEI's expense, competing with PEI's own exclusive uses of the Images in the 60th Anniversary Issue and elsewhere.

18. On information and belief, Defendants aim to generate as much Internet user traffic to the Website as possible, which drives their Website advertising rates and sales higher, and which thus drives their revenues and profits higher.  Defendants do so by identifying, obtaining and publishing photographic images that they believe will be compelling for Internet users and their Website audience.

19.  If the Website's content is so well received that it "goes viral" (*i.e.*, Internet users view the content and transmit it via their electronic social media networks and contacts to others who view it and retransmit it to their electronic social media networks and contacts, and so on), Internet users effectively market and promote the Website for Defendants and drive Internet traffic to it at little or no cost to Defendants.

20. In an effort to distribute the Website's infringing content as widely as possible, Defendants included on its Website third party Internet social media services functions furnished by Google, Twitter and Facebook to enable, encourage, facilitate and induce Website users to forward and otherwise reproduce, republish, redisplay, retransmit such content to their respective Internet social media contacts.  Those Internet users who use those functions in turn enable, encourage, facilitate and induce the recipients of the infringing Website content to retransmit it further to their respective Internet social media contacts, and so on.  Much like the spread of a viral contagion, an image "gone viral" replicates and proliferates copyright infringement across the Internet to more and more Internet users at an exponential rate, decimating the value of exclusive rights in and to the infringed image and saddling its claimant with significant rights enforcement burdens.

21. PEI's legal counsel wrote McCarthy on April 4, 2014 in an attempt to resolve PEI's claims amicably (the "<u>Settlement Letter</u>").

22. By April 11, 2014, Defendants removed the Images from the Website but still had not responded to the Settlement Letter.

23. PEI's legal counsel wrote McCarthy again on April 11, 2014 to follow up on the Settlement Letter.

24. PEI's legal counsel wrote McCarthy again on April 17, 2014 to follow up on the Settlement Letter.

25. As of the date of this Complaint, PEI still had not received any response to the Settlement Letter.

## FIRST CLAIM FOR RELIEF
### Copyright Infringement
**(As against all Defendants)**

26. PEI repeats and realleges the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

27. On information and belief, Defendants knew that they did not possess any rights to reproduce, publicly display, distribute, transmit or otherwise use the Images, on the Website or otherwise.

28. On information and belief, Defendants' unauthorized uses of the Images were deliberate and willful.

29. Defendants' conduct constitutes willful copyright infringement, for which PEI is entitled to receive monetary damages in an amount equal to its actual damages plus Defendants'

additional profits, or at PEI's sole option statutory damages of $150,000 per work infringed, plus reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
### Contributory and/or Vicarious Copyright Infringement
**(As against all Defendants)**

30. PEI repeats and realleges the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

31. The Website reproduced, transmitted, displayed and used the Images in a manner that enabled Internet users, without authorization or consent, to easily "drag and drop" or "cut and paste" them anywhere else they chose using only a computer mouse or other pointing device. Defendants could have configured the Website so as to disable such functionality and otherwise deter Internet users from using the Images without authorization or consent, but Defendants did not do so.

32. Defendants also intentionally and knowingly caused, enabled, encouraged, facilitated and induced others to violate PEI's exclusive copyright rights in the Image by enabling, encouraging, inducing and facilitating Website users to copy, republish, redistribute and retransmit the Images using Internet social media services such as Twitter, Facebook and Google Plus, whose buttons and functions Defendants included on the Website Pages for such purpose.

33. Defendants have the right and ability to control such third party unauthorized uses of the Images.  Defendants did not prevent or prohibit such third party unauthorized uses; rather, they enabled, encouraged, facilitated and induced such unauthorized uses.

34. On information and belief, Defendants benefitted commercially from such third party unauthorized uses of the Images because such unauthorized uses increased exposure and notoriety for the Website, caused Internet users to view and use the Website, caused the Website's traffic to increase, and thereby caused its value to Defendants and to Defendants' advertisers to increase.

35. Defendants' conduct constitutes contributory and/or vicarious infringement of PEI's exclusive copyright rights in and to the Images, for which PEI is entitled to receive monetary damages in an amount equal to its actual damages plus Defendants' additional profits, or at PEI's sole option statutory damages of $150,000 per work infringed, plus reasonable attorney's fees and costs.

**Prayer for Relief**

**WHEREFORE,** Plaintiff PEI requests judgment against Defendants as follows:

a. declaring Defendants liable for willful infringement of PEI's exclusive copyright rights in and to the Images;

b. awarding PEI monetary damages in an amount equal to PEI's actual damages and Defendants' additional profits, or alternatively at PEI's sole option statutory damages of $150,000 per work infringed, plus reasonable attorney's fees and costs, for Defendants' willful infringement of PEI's exclusive copyright rights in and to the Images (*see* 17 U.S.C. § 504(a), (b) and (c));

c. compelling Defendants to account to PEI for all profits, income, receipts and other benefits that Defendants derived from the reproduction, public display,

promotion, distribution and sale of products, services and media that infringe PEI's copyright rights in and to the Images (*see* 17 U.S.C. §§ 504(a)(1) and 501(b)); and

    d.  awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York  
        May 21, 2014

Respectfully submitted,

_____  
Joshua R. Bressler (JB8780)  
Bressler Law PLLC  
3 West 35th Street, 9th Floor  
New York, NY 10001  
Tel: (917) 969-4343  
Fax: (917) 591-7111

*Counsel for Plaintiff*  
*Playboy Enterprises International, Inc.*